Brian Heit (SBN: 302474)
**HEIT LAW GROUP, PC**
2239 Townsgate Road, Suite 102
Westlake Village, CA 91361
[phone]: (855) 231.9868
Brian.Heit@HElaw.attorney
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOHN DOES JOHN DOE subscriber assigned IP address 67.180.177.80,<br><br>　　　　Defendant. | Case Number: 3:16-cv-01005-WHA<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES UNDER THE COPYRIGHT ACT OF 1976; AND MEMORANDUM |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES UNDER THE COPYRIGHT ACT OF 1976; AND MEMORANDUM**

## I.   INTRODUCTION

Plaintiff respectfully requests the Court deny Defendant's Motion for Attorney's Fees. First, Defendant had the opportunity to answer Plaintiff's Complaint and his failure to do so provides Plaintiff with the absolute right to dismiss. Because Plaintiff dismissed Defendant through a notice, without prejudice, Defendant is not the prevailing party. Under the Copyright Act, only prevailing parties are entitled to an award of fees. Further, allowing Defendant to recover his fees without an adjudication on the merits would violate the spirit of the Copyright Act. For all the foregoing reasons, as set forth below, this Court should deny Defendant's motion for fees.

## II.   FACTS

### A.   Plaintiff Has Substantial Evidence Against Defendant

*1. Defendant is the Subscriber*

Defendant is the subscriber of the IP address 67.180.177.80 that was used to infringe 129 of Plaintiff's movies over the course of more than a year and a half. *See* CM/ECF 1. On May 16, 2016, Plaintiff received the identifying information of Defendant from Defendant's ISP. *See* CM/ECF 8. Plaintiff had until June 20, 2016 to amend its complaint and serve Defendant. *Id*.

*2. Defendant Resided at the Place of Infringement During the Year and a Half Time Period of Infringement*

Upon learning Defendant's identity, Plaintiff immediately began an investigation to determine whether Defendant is the infringer. *See* Declaration of Brian Heit at ¶ 4. Through its investigation, Plaintiff learned that Defendant lived in a condo with three female roommates. *Id*. at ¶ 5. Defendant resided at the condo during the entire period of infringement. *Id*. at ¶ 6.

*3. Other Torrenting Activity Matched Defendant's Social Media Accounts*

Plaintiff's investigator Excipio recorded not only the torrenting activity of Plaintiff's works taking place through Defendant's IP address – but that Defendant's IP address was torrenting numerous other copyrighted files. *Id*. at ¶ 7. During its investigation, Plaintiff compared this torrenting activity to Defendant's public social media accounts to determine whether Defendant's hobbies and interests correlated to the torrenting activity taking place through Defendant's IP address. *Id*. at ¶ 8. Plaintiff found that it did. *Id*. at ¶ 9. Defendant's Facebook listed music and TV shows that he "liked." *Id*. at ¶ 10. Specifically, Defendant liked the following musicians: Kanye West, Beastie Boys, NWA, and Miles Davis. *Id*. at ¶ 11. He also liked the TV shows "South Park" and "It's Always Sunny in Philadelphia." *Id*.

Plaintiff's evidence of torrenting activity showed that Defendant's IP address downloaded the following copyrighted music files:

> April 22, 2014 - Kanye West – Yeezus (RapGodFathers.info)
> January 17, 2016 - Straight.Outta.Compton.2015.DVDSCR.x264-LEGi0N.mkv
> January 31, 2016 - Beastie Boys  The In Sound From Way Out [Instrumentals] 1996
> April 20, 2016 Miles Davis - Bitches Brew jazz2 mp3320[rogercc]

*Id*. at ¶ 12.

Plaintiff's evidence of torrenting activity also showed that Defendant's IP address downloaded the following copyrighted TV Shows:

| Date | File |
|---|---|
| 10/15/2015 | South Park S19E03 720p HDTV x264 KILLERS rartv  tv |
| 11/16/2014 | Its Always Sunny in Philadelphia Season 1, 2, 3, 4, 5, 6 & 7 + Extras DVDRip TSV |
| 09/24/2015 | South.Park.S19E01.720p.HDTV.x264-KILLERS[EtHD] |
| 09/24/2015 | South.Park.S19E01.720p.HDTV.x264-KILLERS[rarbg] |
| 09/17/2015 | South.Park.S19E01.HDTV.x264-KILLERS[ettv] |
| 09/17/2015 | South Park Bigger Longer and Uncut (1999) [1080p] |
| 10/15/2015 | South.Park.S19E03.720p.HDTV.x264-KILLERS[EtHD] |
| 10/15/2015 | South.Park.S19E04.HDTV.XviD-FUM[ettv] |
| 10/15/2015 | South.Park.S19E04.HDTV.x264-KILLERS[ettv] |
| 10/15/2015 | South.Park.S19E03.720p.HDTV.x264-KILLERS[rarbg] |
| 10/15/2015 | South.Park.S19E02.720p.HDTV.x264-KILLERS[EtHD] |
| 10/15/2015 | South.Park.S19E04.720p.HDTV.x264-KILLERS[EtHD] |
| 10/15/2015 | South.Park.S19E04.HDTV.x264-KILLERS[rarbg] |
| 10/15/2015 | South.Park.S19E04.HDTV.x264-KILLERS.[VTV].mp4 |
| 01/17/2016 | Its.Always.Sunny.in.Philadelphia.S11E01.HDTV.x264-KILLERS[ettv] |
| 01/17/2016 | Its.Always.Sunny.in.Philadelphia.S11E02.HDTV.x264-KILLERS[ettv] |

01/26/2016    Its.Always.Sunny.in.Philadelphia.S11E03.HDTV.x264-KILLERS[ettv]

### 4. Defendant Had Control Over the Infringement

Plaintiff served its subpoena on Defendant's ISP on March 28, 2016. *Id*. at ¶ 14. This Court ordered that within 24 days of the date of service of the subpoena, Comcast must serve a copy of the Court's order on Defendant. *See* CM/ECF 10. Amazingly, on April 24, 2016 – approximately three days after Defendant would have likely received notice of the infringement – the infringement through Defendant's IP address stopped. Heit Decl. at ¶ 16. Given that notice of infringement was sent to Defendant, and the infringement finally stopped in Defendant's household after more than a year of constant downloads, Plaintiff had a reasonable basis to believe Defendant had direct control over the infringement. *Id*. at ¶ 17.

### B. Plaintiff Proceeded Against Defendant in Good Faith

On the basis that Defendant resided at his residence during the time of infringement, the infringement took place over a long period of time (indicating it wasn't a guest or person passing by), Plaintiff's additional evidence had multiple TV shows and music interests matching Defendant's public social media account, and Defendant had control over the wireless network, Plaintiff felt confident it had a good faith basis under Fed. R. Civ. P. 11 to amend its Complaint and serve Defendant.

### C. Procedural History

On May 13, 2016 undersigned spoke with counsel for Defendant who informed him that a forensic investigation of Defendant's computer had been undertaken and requested that I dismiss Defendant immediately. *Id*. at ¶ 18. I requested that Defendant's counsel send the report to me for review. *Id*. at ¶ 19. Defendant's counsel told me that he would not send the report until I agreed to dismiss the case. *Id*. at ¶ 20. This made absolutely no sense to me, but I could not get Defendant's counsel to change his mind. *Id*. I found his unwillingness to provide me with the report and his demand that I dismiss the case without viewing it first suspicious. *Id*. In my mind, it reasonably called into question the report's accuracy. *Id*. Moreover, my expert

4

was never given independent access to examine Defendant's hard drive for my client's works. *Id*. at ¶ 20.

Defendant's counsel did not provide me with the expert report until it was accompanied by his Rule 11 Motion. *Id*. at ¶ 21. And, Defendant's counsel never gave me a reason for not sending the report. *Id*. In his declaration, Defendant's counsel states "I did not ask Setec to prepare a written report on its investigation until it became necessary to file the Rule 11 Motion, in order to save money." *See* CM/ECF 27 at ¶ 14. He never conveyed this information to me. *Id*. at 22. Importantly, I repeatedly told him that my client needed to review some sort of verification that an investigation took place to dismiss the lawsuit. *Id*. at ¶ 23. Indeed, if every defendant could escape liability by simply stating an investigation took place, without any sort of verification, no one would ever be held liable. *Id*. at ¶ 24.

On June 1, 2016, my client concluded its investigation and decided to proceed against Defendant. *Id*. at ¶ 25. My former partner, Brenna Erlbaum, filed the Amended Complaint. *Id*.

On June 2, 2016 I notified Defendant's counsel of my client's position and he still refused to produce the forensic report and further insisted I take his word on its veracity. *Id*. at ¶ 26. I did not realize my partner had already filed the Amended Complaint and mistakenly told Defendant's Counsel we would be filing it the next day. *Id*. at ¶ 27. Regardless, having not received – any – exculpatory evidence from Defendant or his counsel, and ample evidence of Defendant's guilt, my client had every right to proceed. *Id*. at ¶ 28. Moreover, my client and I agreed that our expert should have the opportunity to conduct the same examination as Defendant's expert, and that to best serve this process, we should enter into litigation and conduct formal discovery. *Id*. at ¶ 29.

On June 15, 2016, I sent Defendant's counsel an email with the Amended Complaint and a waiver of service. *Id*. at ¶ 30. Defendant's counsel delayed returning the Waiver of Service, requiring my client to expend additional time and energy serving Defendant. *Id*. at ¶ 31. After my client effectuated service of process, Defendant's counsel returned the Waiver of Service and <u>demanded</u> 60 days to respond to the Amended Complaint. *Id*. at ¶ 32. My client agreed in an attempt to resolve conflict and avoid unnecessary litigation. *Id*. at ¶ 33.

5

On June 22, 2016, I notified Defendant's Counsel of the Case Management Conference with the Court. *Id*. at ¶ 34. Regardless, he chose not to attend. *See* CM/ECF 16.

On July 15, 2016, my partner, Brenna Erlbaum sent an email requesting Defendant's counsel accept electronic service. Again, Defendant's counsel failed to respond. *Id*. at ¶ 25.

### D. Defendant Failed to Answer

Thirty-eight (38) days passed between the time Defendant's counsel signed the waiver of service and Plaintiff dismissed its Amended Complaint. Defendant's counsel did not *ever* make an appearance. And, Defendant's counsel did not file an answer.

### E. Plaintiff Decided to Dismiss the Amended Complaint Upon Finally Receiving Defendant's Forensic Report

On July 27, 2016 Defendant served Plaintiff with a Rule 11 motion. *Id*. at ¶ 36. With the motion, was Defendant's forensic report detailing the examination of his hard drive. *Id*. at ¶ 37. Reviewing Defendant's motion and the report, Plaintiff and its counsel concluded it still had a good faith basis to proceed against Defendant. *Id*. Indeed, as in any litigation, Plaintiff should have the opportunity to conduct its own examination and rebut Defendant's report. *Id*. While Defendant had some evidence of innocence, Plaintiff felt its evidence against Defendant was strong. *Id*. Regardless, Plaintiff, out of an abundance of caution, decided to dismiss its Amended Complaint against Defendant. *Id*. Because Defendant had not answered, Plaintiff had an absolute right to do so. *Id*.

## III. ARGUMENT

Under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party . . . the court may also award a reasonable attorney's fee to the <u>prevailing party</u> as a part of the costs." 17 U.S.C. § 505. (Emphasis added). The Copyright Act does not define the term "prevailing party" and, accordingly, it must be construed with "general principles of law." *See* 6 Patry on Copyright § 22:211. "It is well settled that under Rule 41(a)(1)(i), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.'" *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).

6

In *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dept. of Health & Human Res.*, 532 U.S. 598 (2001) the Supreme Court announced that a party prevails when there has been "a material alteration of the parties' legal relationship." *Id*. at 603. *Buckhannon's* "material alteration" test is used in the context of the Copyright Act for purposes of determining who is a prevailing party entitled to an award of costs and attorney's fees. *See Cadkin v. Loose*, 569 F.3d 1142, 1149 (9th Cir. 2009). "The Supreme Court has held that a party may be accorded "prevailing party" status for purposes of statutory provisions providing for attorney's fees only when that party obtains judicial relief "creat[ing a] 'material alteration of the legal relationship of the parties.'" *Interscope Records v. Leadbetter*, 312 F. App'x 50, 51 (9th Cir. 2009) citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dept. of Health & Human Res.*, 532 U.S. 598 (2001). Here, Plaintiff dismissed Defendant through a notice, without a Court order. Therefore, there was no judicial imprimatur. For these reasons, the Ninth Circuit holds that a defendant is not entitled to attorney's fees when dismissed by notice without prejudice.

### A. Defendant Is Not the Prevailing Party

"This court has recently determined that a dismissal without prejudice does not constitute a material alteration in litigants' legal relationship as it leaves the plaintiff able to re-file his claims." *Interscope Records v. Leadbetter*, 312 F. App'x 50, 52 (9th Cir. 2009). In *Interscope*, a defendant in a near identical copyright infringement action argued that she was entitled to fees on the basis that the statute of limitations ran, and therefore the plaintiff could not refile against her. The Ninth Circuit rejected this argument because "no statute of limitations determination was requested or made by the district court. Barring such a judicial determination, appellees … retain the legal ability to re-file." *Id*. citing *Oscar v. Ala. Dept. of Educ. and Early Dev.*, 541 F.3d 978, 980-81 (9th Cir. 2008). Just as in *Interscope*, here Defendant argues that Plaintiff is barred from refiling because *he* believes the action is barred by Rule 11. However, as set forth above, Plaintiff dismissed the case out of an abundance of caution after finally receiving information from Defendant – not because its claims violated Rule 11. This Court has not ruled on this issue, and therefore no judicial determination has been made. For these reasons, Plaintiff may refile.

Moreover, this case was dismissed based on a voluntary dismissal and did not require any Court action to be effective. "Because the dismissal is effective on filing and no court order is required, "the filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." *Wilson,* 111 F.3d at 692. "[T]he whole point of a Rule 41(a)(1) dismissal is to give the plaintiff an "absolute" way out without further judicial involvement." *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1079-80 (9th Cir. 1999). "[T]he district court has no role to play once a notice of dismissal under Rule 41(a)(1) is filed. The action is terminated at that point, as if no action had ever been filed." *Id*. "[P]ursuant to rule 41(a), no action on the part of the court was necessary for the plaintiff to exercise this right to voluntary dismiss the complaint. Consequently, since defendant is not a prevailing party as it did not achieve a judicially sanctioned material alteration in the legal relationship between the parties, no attorneys' fees are warranted." *Rao v. Ross*, No. C 08-01596 MHP, 2008 U.S. Dist. LEXIS 79467, at *5 (N.D. Cal. June 11, 2008) (internal citations omitted) (denying fees in copyright infringement action when defendant was dismissed by a voluntary dismissal).

### B. <u>Even if Plaintiff Dismissed on the Basis of Rule 11, Defendant Would Still Not Be Entitled to Fees</u>

Defendant cannot cite to any case law which holds that a defendant is a prevailing party if a plaintiff dismisses a complaint during the Rule 11 safe harbor without prejudice. This is because courts hold the opposite. *See e.g. Moss v. Mackey*, No. 1:07cv135, 2009 U.S. Dist. LEXIS 14177, at *16 (W.D.N.C. Feb. 9, 2009) ("Having considered the private defendant's Motion for Attorneys Fees and Costs under Section 1988, the court can find no legal basis to grant the relief sought inasmuch as the dismissal was taken before the court had any opportunity to review the merits of plaintiffs' claims against the private defendant. Further, it would appear offensive to Rule 11(c)(2) to now impose sanctions on plaintiffs who took appropriate action under Rule 11 when provided with a safe-harbor letter"); *Johnson Chem. Co. v. Home Care Prods.*, 823 F.2d 28, 31 (2d Cir. 1987) ("Once Johnson had dismissed the action under Rule 41(a)(1)(i), the court lost all jurisdiction over the action. The Rule 11 sanctions, therefore, are

8

vacated"); *Unite Here v. Cintas Corp.*, 500 F. Supp. 2d 332, 337 (S.D.N.Y. 2007) ("a plaintiff's voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(i) does not constitute a "final adjudication" …Consequently, a court is not required to conduct the review of each party and attorney's compliance with Rule 11 as required by Section 78u-4(c)(1) after a plaintiff voluntary dismisses its case without prejudice.")

### C. Attorney's Fees Are Not Warranted Under the Copyright Act

Because there has been no adjudication on the merits, an award of fees to Defendant would violate the spirit of the Copyright Act. Indeed, the Supreme Court has held that a fee award must be "faithful to the purposes of the Copyright Act." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535, 114 S. Ct. 1023, 1033, 127 L. Ed. 2d 455 (1994). Allowing a Defendant that is likely liable for infringement – and had control over the infringement - to obtain an award of fees simply because Plaintiff dismissed its suit, as an absolute right, would violate the purposes of the Copyright Act.

Defendant had control over the Internet which was used to infringe Plaintiff's works. Regardless of whether Defendant or someone in his household committed the infringement, Defendant was able to and did stop the infringement. Indeed, the infringement stopped right when Defendant received notice of this suit.

Both Congress and the United States Copyright Office have made it clear that the suits Plaintiff brings against individual infringers are proper. In 1999 Congress intentionally amended the Copyright Act to deter individuals from infringing copyrights on the internet by increasing the statutory remedies. "Congress did contemplate that suits like this [against individuals] were within the Act. Congress last amended the Copyright Act in 1999 to increase the minimum and maximum awards available under § 504(c)." *See* Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774. At the time, Congress specifically acknowledged that consumer-based, noncommercial use of copyrighted materials constituted actionable copyright infringement. Congress found that "copyright piracy of intellectual property flourishes, assisted in large part by today's world of

advanced technologies," and cautioned that "the potential for this problem to worsen is great." *Sony v. Tennenbaum*, 2011 WL 4133920 at *11 (1st Cir. 2011) (emphasis added).

During her time as Register of Copyrights, Marybeth Peters gave a statement to the Senate Judiciary Committee on exactly the type of copyright infringement claims that are before this Court, highlighting the necessity for copyright holders to bring these actions.

> [F]or some users of peer-to-peer technology, even knowledge that what they are doing is illegal will not be a sufficient disincentive to engage in such conduct. But whether or not these infringers know or care that it is against the law, the knowledge that such conduct may lead to expensive and burdensome litigation and a potentially large judgment should have a healthy deterrent effect. ... For many people, the best form of education about copyright in the internet world is the threat of litigation. In short, if you break the law, you should be prepared to accept the consequences. Copyright owners have every right to enforce their rights in court, whether they are taking action against providers of peer-to-peer services designed to profit from copyright infringement or against the persons engaging in individual acts of infringement using such services[1].

"Copyright is based on the belief that by granting authors the exclusive rights to reproduce their works, they are given an incentive to create, and that 'encouragement of individual effort by personal gain is the best way to advance public welfare through the talents of authors and inventors in 'Science and the useful Arts.'" *Mazer v. Stein*, 347 U.S. 201, 219, 74 S.Ct. 460, 471, 98 L.Ed. 630 (1954). "The monopoly created by copyright thus rewards the individual author in order to benefit the public." *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156, 95 S.Ct. 2040, 2043, 45 L.Ed.2d 84 (1975). This will not happen if the works of authors can be stolen without an effective means of deterring infringement and penalizing infringers. "Encouraging piracy would do an immense disservice to the public purposes that animate copyright, with little commensurate gain." *Sony BMG Music Entm't v. Tenenbaum*, 672 F. Supp. 2d 217, 234 (D. Mass. 2009).

Plaintiff respectfully submits it is always in the best interests of the Copyright Act to cause infringement to stop. Plaintiff, by bringing this suit, caused Defendant to stop the infringement and therefore accomplished one of the primary goals of the Copyright Act.

---

[1] *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary* 108th Cong. (2003) *available at* http://www.copyright.gov/docs/regstat090903.html

The same policy of permitting reasonable investigations, without assessing fees, exists regardless of whether the specific enforcement regime contemplates a government agency investigating and enforcing the law (like car accidents) or a private citizen investigating and enforcing the law (like victims of internet piracy.). It is the right of a victim of a tort, or the police officer representing the victim, to conduct a reasonable investigation without having to pay a suspect's or witnesse's attorneys fees. This is true even when, as here, a case is not pursued. Considering that this suit was encouraged by Congress and accomplished one of the core purposes of the Copyright Act, it is inconceivable how awarding Defendant, who had control over the instrumentality of infringement, and caused it to stop, would further the interests of the Copyright Act.

If as Plaintiff thinks is likely, Defendant committed the infringement, awarding Defendant fees would not serve the interests of Copyright Act. Instead, awarding Defendant fees would only encourage people to infringe or allow infringement to occur through the internet they control and deter reasonable investigations aimed at stopping infringement. "[Defendant]'s choice to pursue a particularly aggressive defense strategy does not constitute exceptional circumstances sufficient to warrant an attorney's fees award." *Patrick Collins, Inc. v. Osburn*, PWG-12-1294, 2014 WL 1682010 (D. Md. Apr. 28, 2014).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's Motion for Attorney's Fees.

Dated: August 25, 2016

By: /s/ Brian M. Heit
BRIAN M. HEIT, ESQ.
HEIT LAW GROUP, PC
2239 Townsgate Road, Suite 102
Westlake Village, CA 91361
Telephone: (855) 231-9868
E-mail: Brian.heit@HElaw.attorney
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

/s/ *Brian M. Heit*

Brian M. Heit Esq.