Brian Heit (SBN: 302474)
**HEIT LAW GROUP, PC**
2239 Townsgate Road, Suite 102
Westlake Village, CA 91361
[phone]: (855) 231.9868
Brian.Heit@HElaw.attorney
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>       Plaintiff,<br><br>vs.<br><br>JOHN DOES JOHN DOE subscriber assigned IP address 67.180.177.80,<br><br>       Defendant. | Case Number: 3:16-cv-01005-WHA |

**DECLARATION OF BRIAN M. HEIT**

I, BRIAN M. HEIT, DO HEREBY DECLARE:

1. I am over the age of eighteen (18) and otherwise competent to make this declaration. The facts stated in this declaration are based upon my personal knowledge.

2. I am an attorney licensed in the State of California and I currently represent Malibu Media, LLC ("Malibu") in the Northern, Southern, and Eastern Districts of California.

3. I am submitting this declaration in response to Defendant's Motion for Attorney's Fees and Sanctions [CM/ECF 26 and 27].

4. Upon learning Defendant's identity, Malibu immediately began an investigation to determine whether Defendant is the infringer.

5. Through its investigation, Malibu learned that Defendant lived in a condo with three female roommates.

1

6. Malibu also learned that Defendant resided at the condo during the entire period of infringement.

7. Malibu's investigator Excipio recorded not only the torrenting activity of Malibu's works taking place through Defendant's IP address – but that Defendant's IP address was torrenting numerous other copyrighted files.

8. During its investigation, Malibu compared this torrenting activity to Defendant's public social media accounts to determine whether Defendant's hobbies and interests correlated to the torrenting activity taking place through Defendant's IP address.

9. Malibu found that it did.

10. Defendant's Facebook listed music and TV shows that he "liked."

11. Specifically, Defendant liked the following musicians: Kanye West, Beastie Boys, NWA, and Miles Davis. He also liked the TV shows "South Park" and "It's Always Sunny in Philadelphia."

12. Plaintiff's evidence of torrenting activity showed that Defendant's IP address downloaded the following copyrighted music files:

```
April 22, 2014 - Kanye West – Yeezus (RapGodFathers.info)
January 17, 2016 - Straight.Outta.Compton.2015.DVDSCR.x264-LEGi0N.mkv
January 31, 2016 - Beastie Boys  The In Sound From Way Out [Instrumentals] 1996
April 20, 2016 - Miles Davis - Bitches Brew jazz2 mp3320[rogercc]
```

13. Plaintiff's evidence of torrenting activity also showed that Defendant's IP address downloaded the following copyrighted TV Shows:

```
10/15/2015   South Park S19E03 720p HDTV x264 KILLERS rartv  tv
11/16/2014   Its Always Sunny in Philadelphia Season 1, 2, 3, 4, 5, 6 & 7 + Extras DVDRip TSV
09/24/2015   South.Park.S19E01.720p.HDTV.x264-KILLERS[EtHD]
09/24/2015   South.Park.S19E01.720p.HDTV.x264-KILLERS[rarbg]
09/17/2015   South.Park.S19E01.HDTV.x264-KILLERS[ettv]
09/17/2015   South Park Bigger Longer and Uncut (1999) [1080p]
10/15/2015   South.Park.S19E03.720p.HDTV.x264-KILLERS[EtHD]
10/15/2015   South.Park.S19E04.HDTV.XviD-FUM[ettv]
10/15/2015   South.Park.S19E04.HDTV.x264-KILLERS[ettv]
10/15/2015   South.Park.S19E03.720p.HDTV.x264-KILLERS[rarbg]
10/15/2015   South.Park.S19E02.720p.HDTV.x264-KILLERS[EtHD]
10/15/2015   South.Park.S19E04.720p.HDTV.x264-KILLERS[EtHD]
10/15/2015   South.Park.S19E04.HDTV.x264-KILLERS[rarbg]
```

| | |
|---|---|
| 10/15/2015 | South.Park.S19E04.HDTV.x264-KILLERS.[VTV].mp4 |
| 01/17/2016 | Its.Always.Sunny.in.Philadelphia.S11E01.HDTV.x264-KILLERS[ettv] |
| 01/17/2016 | Its.Always.Sunny.in.Philadelphia.S11E02.HDTV.x264-KILLERS[ettv] |
| 01/26/2016 | Its.Always.Sunny.in.Philadelphia.S11E03.HDTV.x264-KILLERS[ettv] |

14. Plaintiff served its subpoena on Defendant's ISP on March 28, 2016.

15. This Court ordered that within 24 days of the date of service of the subpoena, Comcast must serve a copy of the Court's order on Defendant.

16. Amazingly, on April 24, 2016 – approximately three days after Defendant would have likely received notice of the infringement – the infringement through Defendant's IP address stopped.

17. Given that notice of infringement was sent to Defendant, and the infringement finally stopped in Defendant's household after more than a year of constant downloads, my client had a reasonable basis to believe Defendant had direct control over the infringement.

18. On May 13, 2016, I spoke with counsel for Defendant who informed me that a forensic investigation of Defendant's computer had been undertaken and requested that I dismiss Defendant immediately.

19. I requested that Defendant's counsel send the report to me for review.

20. Defendant's counsel told me that he would not send the report until I agreed to dismiss the case. This made absolutely no sense to me, but I could not get Defendant's counsel to change his mind. I found his unwillingness to provide me with the report and his demand that I dismiss the case without viewing it first suspicious. In my mind, it reasonably called into question the report's accuracy. Moreover, my expert was never given independent access to investigate Defendant's hard drive.

21. Defendant's counsel did not provide me with the expert report until it was accompanied by his Rule 11 Motion. And, Defendant's counsel never gave me a reason for not sending the report.

22. In his declaration, Defendant's counsel states "I did not ask Setec to prepare a written report on its investigation until it became necessary to file the Rule 11 Motion, in order to save money." See CM/ECF 27 at ¶ 14. He never conveyed this information to me.

23. Importantly, I repeatedly told him that my client needed to review some sort of verification that an investigation took place to dismiss the lawsuit.

24. Indeed, if every defendant could escape liability by simply stating an investigation took place, without any sort of verification, no one would ever be held liable.

25. On June 1, 2016, my client concluded its investigation and decided to proceed against Defendant. My former partner, Brenna Erlbaum, filed the Amended Complaint.

26. On June 2, 2016 I notified Defendant's counsel of my client's position and he still refused to produce the forensic report and further insisted I take his word on its veracity.

27. I did not realize my partner had already filed the Amended Complaint and mistakenly told Defendant's counsel we would be filing it the next day. Importantly, because a decision had been made to proceed, I did not want to cause unnecessary delay.

28. Having not received – any – exculpatory evidence from Defendant or his counsel, and ample evidence of Defendant's guilt, my client had every right to proceed.

29. Moreover, my client and I agreed that our expert should have the opportunity to conduct the same examination as Defendant's expert, and that to best serve this process, we should enter into litigation and conduct formal discovery.

30. On June 15, 2016, I sent Defendant's counsel an email with the Amended Complaint and a waiver of service.

31. Defendant's counsel delayed returning the Waiver of Service, requiring my client to expend additional time and energy serving Defendant.

32. After my client effectuated service of process, Defendant's counsel returned the Waiver of Service and demanded 60 days to respond to the Amended Complaint.

33. My client agreed in an attempt to resolve conflict and avoid unnecessary litigation.

34. On June 22, 2016, I notified Defendant's Counsel of the Case Management Conference with the Court.

35. On July 15, 2016, my partner, Brenna Erlbaum sent an email requesting Defendant's counsel accept electronic service. Again, Defendant's counsel failed to respond.

36. On July 27, 2016 Defendant served Plaintiff with a Rule 11 motion.

37.    With the motion, was Defendant's forensic report detailing the examination of his hard drive. Reviewing Defendant's motion and the report, Plaintiff and its counsel concluded it still had a good faith basis to proceed against Defendant. Indeed, as in any litigation, Plaintiff should have the opportunity to conduct its own examination and rebut Defendant's report. While Defendant had some evidence of innocence, Plaintiff felt its evidence against Defendant was strong. Regardless, Plaintiff, out of an abundance of caution, decided to dismiss its Amended Complaint against Defendant. Because Defendant had not answered, Plaintiff had an absolute right to do so.

## DECLARATION

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on this 25th day of August, 2016.

By: *Brian M. Heit*

**BRIAN M. HEIT, ESQ.**