1  Brian Heit (SBN: 302474)
   **HEIT LAW GROUP, PC**
2  2239 Townsgate Road, Suite 102
   Westlake Village, CA 91361
3  [phone]: (855) 231.9868
   Brian.Heit@HElaw.attorney
4  *Attorney for Plaintiff*

5

6                    **UNITED STATES DISTRICT COURT**

7                  **NORTHERN DISTRICT OF CALIFORNIA**

                          **SAN FRANCISCO**
8

9  MALIBU MEDIA, LLC,                    Case Number: 3:16-cv-01005-WHA

10        Plaintiff,

11 vs.                                    PLAINTIFF'S MEMORANDUM IN
                                          OPPOSITION TO DEFENDANT'S
12 JOHN DOES JOHN DOE subscriber assigned  MOTION FOR SANCTIONS AGAINST
   IP address 67.180.177.80,              PLAINTIFF MALIBU MEDIA AND ITS
13                                         ATTORNEYS BRIAN HEIT AND
          Defendant.                       BRENNA ERLBAUM
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    1

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS AGAINST PLAINTIFF MALIBU MEDIA AND ITS ATTORNEYS BRIAN HEIT AND BRENNA ERLBAUM**

## I.   INTRODUCTION

Plaintiff respectfully requests the Court deny Defendant's Motion for Sanctions. At all times throughout the litigation process, Plaintiff and its counsel proceeded in good faith.  Any errors or mistakes Plaintiff or its counsel made were harmless, had no prejudicial impact on Defendant, and were not in any way designed to increase the litigation process.  To the contrary, Plaintiff's counsel engaged in good faith discussions with Defendant's attorney, conducted a diligent investigation under Rule 11, and proceeded with the litigation process in its normal course.  Defendant did not produce a report on his hard drive until after Plaintiff filed its Amended Complaint.  And, Defendant's counsel's declaration made clear he had no intention of ever producing to Plaintiff a written report.  Therefore, Plaintiff and its counsel had every right to proceed and did so.  Defendant's counsel did not even make an appearance in this action until after Plaintiff dismissed the Amended Complaint, and Defendant never filed an answer.  The only party that could possibly be found to be vexatiously multiplying the litigation process is Defendant and his counsel.  For these reasons, as set forth more fully below, Plaintiff respectfully requests the Court deny Defendant's motion.

## II.   FACTS

### A.   Plaintiff Has Substantial Evidence Against Defendant

*1.  Defendant is the Subscriber*

Defendant is the subscriber of the IP address 67.180.177.80 that was used to infringe 129 of Plaintiff's movies over the course of more than a year and a half.  *See* CM/ECF 1.  On May 16, 2016, Plaintiff received the identifying information of Defendant from Defendant's ISP.  *See* CM/ECF 8.  Plaintiff had until June 20, 2016 to amend its complaint and serve Defendant.  *Id.*

*2.  Defendant Resided at the Place of Infringement During the Year and a Half Time Period of Infringement*

HEIT LAW GROUP
PROFESSIONAL CORPORATION
2229 TOWNSGATE ROAD, SUITE 102, WESTLAKE VILLAGE, CA 91361
855-231-9868

Upon learning Defendant's identity, Plaintiff immediately began an investigation to determine whether Defendant is the infringer.  *See* Declaration of Brian Heit at ¶ 4.   Through its investigation, Plaintiff learned that Defendant lived in a condo with three female roommates.  *Id*. at ¶ 5.  Defendant resided at the condo during the entire period of infringement.  *Id*. at ¶ 6.

### 3.   Other Torrenting Activity Matched Defendant's Social Media Accounts

Plaintiff's investigator Excipio recorded not only the torrenting activity of Plaintiff's works taking place through Defendant's IP address – but that Defendant's IP address was torrenting numerous other copyrighted files.  *Id*. at ¶ 7.   During its investigation, Plaintiff compared this torrenting activity to Defendant's public social media accounts to determine whether Defendant's hobbies and interests correlated to the torrenting activity taking place through Defendant's IP address.  *Id*. at ¶ 8.   Plaintiff found that it did.  *Id*. at ¶ 9.   Defendant's Facebook listed music and TV shows that he "liked."  *Id*. at ¶ 10.   Specifically, Defendant liked the following musicians: Kanye West, Beastie Boys, NWA, and Miles Davis.  *Id*. at ¶ 11.   He also liked the TV shows "South Park" and "It's Always Sunny in Philadelphia."  *Id*.

Plaintiff's evidence of torrenting activity showed that Defendant's IP address downloaded the following copyrighted music files:

April 22, 2014 - Kanye West – Yeezus (RapGodFathers.info)
January 17, 2016 - Straight.Outta.Compton.2015.DVDSCR.x264-LEGi0N.mkv
January 31, 2016 - Beastie Boys  The In Sound From Way Out [Instrumentals] 1996
April 20, 2016 Miles Davis - Bitches Brew jazz2 mp3320[rogercc]

*Id*. at ¶ 12.

Plaintiff's evidence of torrenting activity also showed that Defendant's IP address downloaded the following copyrighted TV Shows:

10/15/2015     South Park S19E03 720p HDTV x264 KILLERS rartv  tv
11/16/2014     Its Always Sunny in Philadelphia Season 1, 2, 3, 4, 5, 6 & 7 + Extras DVDRip TSV
09/24/2015     South.Park.S19E01.720p.HDTV.x264-KILLERS[EtHD]
09/24/2015     South.Park.S19E01.720p.HDTV.x264-KILLERS[rarbg]
09/17/2015     South.Park.S19E01.HDTV.x264-KILLERS[ettv]
09/17/2015     South Park Bigger Longer and Uncut (1999) [1080p]
10/15/2015     South.Park.S19E03.720p.HDTV.x264-KILLERS[EtHD]
10/15/2015     South.Park.S19E04.HDTV.XviD-FUM[ettv]
10/15/2015     South.Park.S19E04.HDTV.x264-KILLERS[ettv]

| | |
|---|---|
| 10/15/2015 | South.Park.S19E03.720p.HDTV.x264-KILLERS[rarbg] |
| 10/15/2015 | South.Park.S19E02.720p.HDTV.x264-KILLERS[EtHD] |
| 10/15/2015 | South.Park.S19E04.720p.HDTV.x264-KILLERS[EtHD] |
| 10/15/2015 | South.Park.S19E04.HDTV.x264-KILLERS[rarbg] |
| 10/15/2015 | South.Park.S19E04.HDTV.x264-KILLERS.[VTV].mp4 |
| 01/17/2016 | Its.Always.Sunny.in.Philadelphia.S11E01.HDTV.x264-KILLERS[ettv] |
| 01/17/2016 | Its.Always.Sunny.in.Philadelphia.S11E02.HDTV.x264-KILLERS[ettv] |
| 01/26/2016 | Its.Always.Sunny.in.Philadelphia.S11E03.HDTV.x264-KILLERS[ettv] |

### 4. *Defendant Had Control Over the Infringement*

Plaintiff served its subpoena on Defendant's ISP on March 28, 2016. *Id*. at ¶ 14. This Court ordered that within 24 days of the date of service of the subpoena, Comcast must serve a copy of the Court's order on Defendant. *See* CM/ECF 10. Amazingly, on April 24, 2016 – approximately three days after Defendant would have likely received notice of the infringement – the infringement through Defendant's IP address stopped. Heit Decl. at ¶ 16. Given that notice of infringement was sent to Defendant, and the infringement finally stopped in Defendant's household after more than a year of constant downloads, Plaintiff had a reasonable basis to believe Defendant had direct control over the infringement. *Id*. at ¶ 17.

### B. Plaintiff Proceeded Against Defendant in Good Faith

On the basis that Defendant resided at his residence during the time of infringement, the infringement took place over a long period of time (indicating it wasn't a guest or person passing by), Plaintiff's additional evidence had multiple TV shows and music interests matching Defendant's public social media account, and Defendant had control over the wireless network, Plaintiff felt confident it had a good faith basis under Fed. R. Civ. P. 11 to amend its Complaint and serve Defendant.

### C. Procedural History

On May 13, 2016 undersigned spoke with counsel for Defendant who informed him that a forensic investigation of Defendant's computer had been undertaken and requested that I dismiss Defendant immediately. *Id*. at ¶ 18. I requested that Defendant's counsel send the report to me for review. *Id*. at ¶ 19. Defendant's counsel told me that he would not send the report until I agreed to dismiss the case. *Id*. at ¶ 20. This made absolutely no sense to me, but I

4

could not get Defendant's counsel to change his mind. *Id*. I found his unwillingness to provide me with the report and his demand that I dismiss the case without viewing it first suspicious. *Id*. In my mind, it reasonably called into question the report's accuracy. *Id*. Moreover, my expert was never given independent access to examine Defendant's hard drive for my client's works. *Id*. at ¶ 20.

Defendant's counsel did not provide me with the expert report until it was accompanied by his Rule 11 Motion. *Id*. at ¶ 21. And, Defendant's counsel never gave me a reason for not sending the report. *Id*. In his declaration, Defendant's counsel states "I did not ask Setec to prepare a written report on its investigation until it became necessary to file the Rule 11 Motion, in order to save money." *See* CM/ECF 27 at ¶ 14. He never conveyed this information to me. *Id*. at 22. Importantly, I repeatedly told him that my client needed to review some sort of verification that an investigation took place to dismiss the lawsuit. *Id*. at ¶ 23. Indeed, if every defendant could escape liability by simply stating an investigation took place, without any sort of verification, no one would ever be held liable. *Id*. at ¶ 24.

On June 1, 2016, my client concluded its investigation and decided to proceed against Defendant. *Id*. at ¶ 25. My former partner, Brenna Erlbaum, filed the Amended Complaint. *Id*.

On June 2, 2016 I notified Defendant's counsel of my client's position and he still refused to produce the forensic report and further insisted I take his word on its veracity. *Id*. at ¶ 26. I did not realize my partner had already filed the Amended Complaint and mistakenly told Defendant's Counsel we would be filing it the next day. *Id*. at ¶ 27. Regardless, having not received – any – exculpatory evidence from Defendant or his counsel, and ample evidence of Defendant's guilt, my client had every right to proceed. *Id*. at ¶ 28. Moreover, my client and I agreed that our expert should have the opportunity to conduct the same examination as Defendant's expert, and that to best serve this process, we should enter into litigation and conduct formal discovery. *Id*. at ¶ 29.

On June 15, 2016, I sent Defendant's counsel an email with the Amended Complaint and a waiver of service. *Id*. at ¶ 30. Defendant's counsel delayed returning the Waiver of Service, requiring my client to expend additional time and energy serving Defendant. *Id*. at ¶

HEIT LAW GROUP
PROFESSIONAL CORPORATION
2235 TOWNSGATE ROAD, SUITE 102, WESTLAKE VILLAGE, CA 91361
855-231-9865

31.  After my client effectuated service of process, Defendant's counsel returned the Waiver of Service and demanded 60 days to respond to the Amended Complaint.  *Id.* at ¶ 32.  My client agreed in an attempt to resolve conflict and avoid unnecessary litigation.  *Id.* at ¶ 33.

On June 22, 2016, I notified Defendant's Counsel of the Case Management Conference with the Court.  *Id.* at ¶ 34.  Regardless, he chose not to attend.  *See* CM/ECF 16.

On July 15, 2016, my partner, Brenna Erlbaum sent an email requesting Defendant's counsel accept electronic service.  Again, Defendant's counsel failed to respond.  *Id.* at ¶ 25.

### D.  Defendant Failed to Answer

Thirty-eight (38) days passed between the time Defendant's counsel signed the waiver of service and Plaintiff dismissed its Amended Complaint.  Defendant's counsel did not \*ever\* make an appearance.  And, Defendant's counsel did not file an answer.

### E.  Plaintiff Decided to Dismiss the Amended Complaint Upon Finally Receiving Defendant's Forensic Report

On July 27, 2016 Defendant served Plaintiff with a Rule 11 motion.  *Id.* at ¶ 36.  With the motion, was Defendant's forensic report detailing the examination of his hard drive.  *Id.* at ¶ 37. Reviewing Defendant's motion and the report, Plaintiff and its counsel concluded it still had a good faith basis to proceed against Defendant.  *Id.*  Indeed, as in any litigation, Plaintiff should have the opportunity to conduct its own examination and rebut Defendant's report.  *Id.* While Defendant had some evidence of innocence, Plaintiff felt its evidence against Defendant was strong.  *Id.*   Regardless, Plaintiff, out of an abundance of caution, decided to dismiss its Amended Complaint against Defendant.  *Id.*   Because Defendant had not answered, Plaintiff had an absolute right to do so.  *Id.*

## III.   LEGAL STANDARD

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  "The Ninth Circuit conducts a subjective inquiry into the viability of § 1927 sanctions; while knowing or reckless litigation conduct is

sanctionable, merely negligent conduct is not." *Ruiz v. APCO Constr.*, No. 2:10-cv-1312-JAD-GWF, 2014 U.S. Dist. LEXIS 124161, at \*3 (D. Nev. Sep. 5, 2014) citing *MGIC Indemnity Corp. v. Moore*, 952 F.2d 1120, 1121-22 (9th Cir. 1991).  "For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass.' Section 1927 sanctions are only available "once a lawsuit has begun" and do not properly apply to an initial pleading." *Id.* citing *In re Keegan*, 78 F.3d at 436.

## IV.    ARGUMENT

Defendant argues that sanctions under 1927 are warranted because: (1) "Plaintiff did not have sufficient evidentiary support for filing the first amended complaint because it failed to state a claim for relief"; (2) "Plaintiff Malibu Media and its attorneys engaged in bad faith conduct by ignoring the exculpatory evidence proffered by defense counsel for the improper purpose of extorting a settlement." *See* CM/ECF 23-6 pp. 9-13. None of the foregoing is true. Further, none demonstrate unreasonable or vexatious actions by Plaintiff's attorney. First, Plaintiff's claims have always been found to state a claim for relief.  Second, as explained above, Plaintiff was not provided with "exculpatory evidence proffered by defense counsel." To the contrary, Defendant's counsel withheld any sort of exculpatory evidence while Plaintiff's evidence increasingly implicated Defendant.

A.  Plaintiff's Claims Have Always Survived a 12(b)(6) Motion to Dismiss

Plaintiff's Amended Complaint alleged that "Defendant downloaded, copied and distributed a complete copy of Plaintiff's movies without authorization . . ." CM/ECF 9-2, ¶ 21. Every court to address the issue has found that Plaintiff's complaints state a plausible claim for relief.  *See e.g. In re Malibu Media Copyright Infringement Litig.*, No. C 15-04170 WHA, 2016 U.S. Dist. LEXIS 31908, at \*11-12 (N.D. Cal. Mar. 10, 2016)* ("Malibu Media has pled that it received at least one piece of each allegedly infringed work from the defendants, and it has pled that defendants' conduct occurred persistently, rather than in an isolated event. At the Rule 12 stage, the complaint has pled facts that plausibly demonstrate that the subscribers identified [12] in the complaints committed the alleged infringement"); *Media, LLC v. Bowser*, No.

5:14CV2759, 2015 U.S. Dist. LEXIS 136957, at \*8-9 (N.D. Ohio Oct. 7, 2015) ("The facts alleged by Malibu, if accepted as true, sufficiently demonstrate that the user of IP address 98.27.177.139 copied its copyrighted material and, therefore, states a claim for unlawful [9] copying that is plausible on its face."); *Malibu Media, LLC v. John Doe 1,* 2013 WL 30648 at \*4 (E.D. Pa. 2013) ("Accepting all factual allegations in the Amended Complaints as true . . . the Court concludes Plaintiff has stated a claim upon which relief can be granted under the Copyright Act."); *Malibu Media, LLC v. Pelizzo*, 2012 WL 6680387 at \*1 (S.D. Fla. 2012) ("Having carefully reviewed the allegations in the Complaint and the applicable authorities, the Court will deny the Motion because the Complaint adequately states a claim for copyright infringement."); *Malibu Media v. Roy*, Case No. 12-cv-617 (W.D. Mich.) (denying 12(b)(6) motion); *Malibu Media v. Pratt*, 1:12-cv-00621-RJJ, CM/ECF 31 (W.D. Mich. March 19, 2013) (same); *Malibu Media, LLC v. John Doe*, 2:13-cv-11446-AJT-DRG, CM/ECF 13 (E.D. Mich. Oct. 18, 2013) (same); *Malibu Media, LLC v. Lowry*, 2013 WL 6024371, at \*5 (D. Colo. 2013); *Malibu Media, LLC v. John Doe 1*, 2013 WL 30648 at \*4 (E.D. Pa. 2013) (same); *Malibu Media, LLC v. Pelizzo*, 2012 WL 6680387 at \*1 (S.D. Fla. 2012) (same); *Malibu Media, LLC v. Killoran*, 2:13-cv-11446-AJT-DRG, CM/ECF 13 (E.D. Mich. Oct. 18, 2013) (same); *Malibu Media, LLC v. John Doe*, 2:13-cv-00055-JVB-JEM, CM/ECF 22 (N.D. Ind. August, 16, 2013); *Malibu Media LLC v. Doe*, 2013 WL 3945978 (E.D. Mich. 2013) (same); *Malibu Media LLC v. Gilvin*, 2014 WL 1260110 (N.D. Ind. Mar. 26, 2014) (same); *Malibu Media, LLC v. Sanchez*, 2014 WL 172301 (E.D. Mich. Jan. 15, 2014) (same); *Malibu Media, LLC v. Butler*, 13-cv-02707-WYD-MEH, CM/ECF 31 (D. Colo. April 24, 2014).

Moreover, the Eastern District of New York, after recently conducting an evidentiary hearing on Plaintiff's technology found "Plaintiff's allegations and evidence submitted in support thereof are sufficient at this juncture to establish a prima facie claim for copyright

infringement against Defendant." *Malibu Media, LLC v. Doe*, No. 15-CV-3504 (JFB)(SIL), 2016 U.S. Dist. LEXIS 112187, at *22 (E.D.N.Y. Aug. 23, 2016).

### B.  Defendant's Cases Are Distinguishable

Defendant's reliance on *Elf-Man, LLC v. Cariveau*, C13-0507RSL, 2014 WL 202096 (W.D. Wash. Jan. 17, 2014) is misplaced.  In *Elf-Man*, the Washington court dismissed the complaint because the plaintiff did not actually allege that the defendant was the infringer.  "In the fact sections of the complaint, plaintiff carefully refrains from alleging that the owners of the IP address—*i.e.,* the named defendants—are the ones who utilized the internet access to download the copyrighted material." *Id*.  Here, Plaintiff alleged, without hesitation, that Defendant is the infringer.  "By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit."  FAC at ¶ 33.

"Unlike Elf–Man, LLC, here, a number of factors combine to make it plausible that the Defendant is the infringer. Malibu Media alleged that the Defendant subscribed to the IP address used to download its movies, and 23 different movies were downloaded over the course of almost a year. ECF Nos. 1 ¶¶ 20–21, 33–34; 1–1.9 That the Defendant's IP address was used to obtain 2,034 other third party files through BitTorrent over an 18–month period supports the reasonable inference that the Defendant-and not some other person using the Defendant's IP address—was the infringer." *Malibu Media, LLC v. Doe*, No. CIV. WDQ-14-748, 2015 WL 857408, at *4 (D. Md. Feb. 26, 2015).  "The Court disagrees with Defendant and the Elf–Man court. The allegations that Defendant is the internet subscriber whose internet address was being used to distribute bits of Plaintiff's movies make it plausible that he was the infringer. These allegations are not so sketchy or implausible that they fail to give Defendant sufficient notice of Plaintiff's claim." *Malibu Media LLC v. Gilvin*, No. 3:13-CV-72 JV, 2014 WL 1260110, at *3

9

(N.D. Ind. Mar. 26, 2014).

Further, *Ingenuity 13, LLC v. John Doe*, 12-cv-8333-ODW (C. D. Cal. Feb. 7, 2013) is distinguishable.  Defendant does not cite to where Judge Wright states, "Plaintiff can compile its tracking data to determine whether other copyrighted videos were downloaded under the same IP address.  This may suggest that the infringer is likely a resident of the subscriber's home and not a guest."  *Id*. at *7.  This is what Plaintiff has done here.  Indeed, even Judge Wright would likely acknowledge Plaintiff's case against Defendant, with infringements lasting for over a year, along with a list of all other content Defendant downloaded, is a different case than that in *Ingenuity*.

Finally, *Cobbler Nev., LLC v. Gonzales*, No. 3:15-cv-00866-SB, 2016 U.S. Dist. LEXIS 75298, at *9 (D. Or. Mar. 18, 2016) is distinguishable.  As set forth above, Plaintiff has records of longstanding infringement over time and infringement that is specifically tied to Defendant's interests.  And, Plaintiff has evidence that Defendant had control over the infringement itself.  Plaintiff conducted a good faith investigation as to whether Defendant is the infringer and amended its complaint on that basis.

### 3. Defendant Never Provided Plaintiff Any Exculpatory Evidence

As set forth above, Defendant never provided Plaintiff with any actual exculpatory evidence.  All Defendant did was, through his counsel, repeatedly demand Plaintiff take his word that it is exists.  Plaintiff had no duty to do so.

"Defendant argues that sanctions under § 1927 are appropriate … (ii) plaintiff pursued this particular case after learning that defendant "could not have been the infringing party," … These allegations are not a valid basis for § 1927 sanctions."  *Malibu Media, LLC v. Baiazid*, 152 F. Supp. 3d 496, 501-02 (E.D. Va. 2015).  In *Baiazid*, a defense counsel filed a similar frivolous motion against Plaintiff for § 1927 sanctions and the Court expressly found that Malibu's claims were not frivolous and that its counsel did not act in bad faith.

Simply put, the gist of this part of defendant's argument is that plaintiff's evidence was too weak to warrant (i) naming defendant as a party or (ii) suggesting that defendant's story about Salima is untruthful. Such evidentiary arguments go to the merits of the case, and are therefore beyond the province of § 1927. See id. Even if such arguments were appropriate under § 1927, plaintiff has sufficient evidence to create a jury question on defendant's liability; for example, plaintiff proffers that certain evidence shows that the alleged infringement of plaintiff's copyrighted works stopped precisely during a period when defendant and his wife went on vacation. Thus, plaintiff had sufficient foundation to pursue this case. Finally, defendant complains about the manner in which plaintiff prosecuted this case. Yet defendant fails to show that plaintiff's counsel acted in bad faith, which is a necessary condition for § 1927 sanctions.

*Malibu Media, LLC v. Baiazid*, 152 F. Supp. 3d 496, 502 (E.D. Va. 2015).

Defendant states "[i]f this were the only case filed by Plaintiff and its attorneys, their tactics might be tolerated as merely aggressive advocacy, or even a good faith mistake.  But Plaintiff has filed thousands of these lawsuits, and repeatedly used the same tactics that Judge Wright characterized as an extortion scheme."  *See* CM/ECF 23-6 p. 20.  However, in *Baiazid*, the District Court rejected this very same argument and found:

With regard to the argument that plaintiff files numerous lawsuits of this type— that is, against John Doe defendants based on IP evidence—conduct in other lawsuits is irrelevant to this case. In any event, it is appropriate to take judicial notice that a number of these lawsuits have gone forward and resulted in valid judgments against infringers. If these lawsuits are not legally warranted—which defendant fails to prove—then the appropriate course of action is for the actual litigants in the unwarranted suits to seek appropriate relief.

*Id.*

Most importantly, Defendant cannot point to any actual bad faith conduct by Plaintiff's counsel.  Defendant's claims for bad faith are as follows:

(1) "[Bad faith] is evident from the way that Plaintiff's counsel Brian Heit increased his demands for exculpatory evidence – such as credit cards statements and bank receipts to prove Defendant was out of town on the day in question"

(2) "while repeatedly asking if Defendant wanted to talk settlement",

(3) "all the while knowing that his partner had already signed and filed the First Amended Complaint."

HEIT LAW GROUP
PROFESSIONAL CORPORATION
2239 TOWNSGATE ROAD, SUITE 102, WESTLAKE VILLAGE, CA 91361
805-231-9868

(4) "Only after being served with a Rule 11 Motion did Plaintiff retreat, yet this too reinforces how Plaintiff's true motivation was not to litigate, but to inflict costs on Defendant as leverage to exact a settlement."

*See* CM/ECF 23-6 p. 20.

First, increasing demands for exculpatory evidence that Defendant's counsel had been promising for weeks - and failed to provide - can hardly be seen as bad faith. Second, raising the possibility of settlement is also not bad faith. This is litigation – it is absolutely common for attorneys discussing a case to raise the idea of settlement. Nowhere did undersigned demand a settlement – or threaten Defendant. Further, "the John Doe Defendants' argument about coercive settlements is simply without any merit in those cases where the John Doe Defendant is represented by counsel." *Malibu Media, LLC v. Doe,* No. 8:12-cv-669-T-23AEP, 2012 U.S. Dist. LEXIS 188890, at *10 (M.D. Fla. July 6, 2012).

Third, as set forth above, I was not aware that my partner filed the First Amended Complaint. Regardless, Defendant is proceeding in this case anonymously and suffered no harm by Plaintiff amending its complaint against him. And finally, dismissing the case after finally receiving Defendant's report of the examination of his hard drives is not bad faith. *See Rao v. Ross,* No. C 08-01596 MHP, 2008 U.S. Dist. LEXIS 79467, at *7 (N.D. Cal. June 11, 2008) "[Plaintiff] claims to have voluntarily dismissed the complaint almost immediately upon determining that the action was moot. In the absence of any other evidence, the timing of the dismissal alone does not demonstrate subjective bad faith."

Had Defendant simply prepared a report months ago, like any reasonable attorney would have done, the litigation would have been over before it began. If anyone can be blamed for multiplying the proceedings its Defendant's counsel. "Engaging in or causing opposing counsel to engage in unnecessary motion practice, writing accusatory letters and being non-responsive to other attorneys' calls and correspondence result in a burden to the court and all counsel. Much of what occurred here, including this motion, could and should have been avoided." *Rao v. Ross*, No. C 08-01596 MHP, 2008 U.S. Dist. LEXIS 79467, at *9 (N.D. Cal. June 11, 2008).

When there is no evidence in the record to support claims of bad faith, sanctions under § 1927 are not warranted.  "Flava makes allegations of subjective bad faith but there is no evidence in the record to support its claims. Moreover, nothing in the record would substantiate sanctions under the court's inherent power. Accordingly, the district court's ruling on the fees is affirmed."  *Kohler v. Flava Enters.*, 779 F.3d 1016, 1020 (9th Cir. 2015).

## V.      CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's Motion for Sanctions.

Dated: August 25, 2016

By: /s/ Brian  M. Heit
BRIAN M. HEIT, ESQ.
HEIT LAW GROUP, PC
2239 Townsgate Road, Suite 102
Westlake Village, CA 91361
Telephone: (855) 231-9868
E-mail: Brian.heit@HElaw.attorney
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

/s/ *Brian  M. Heit*

Brian M. Heit Esq.

